UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
EDDIE WILLIAM NIEVES            :    Civil Action No. 10-1589 (JHR)
                                :
         Plaintiff,             :
                                :
vs.                             :
                                :    MEMORANDUM ORDER
TOP NOTCH GRANITE & MARBLE      :
LLC, JOHN DOES 1-5 and 6-10     :
                                :
         Defendants.            :
_____:

Presently before the Court is the motion [Dkt. Entry No. 8] of Plaintiff Eddie William Nieves ("Nieves") for default judgment against Defendant Top Notch Granite & Marble, LLC ("Top Notch") pursuant to Fed. R. Civ. P. 55. For the reasons set forth below, Nieves' motion for default judgment will be granted, but the Court reserves decision on its determination of damages.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Nieves was employed by Top Notch as a driver and installer for approximately three months in the summer of 2009. (Compl. ¶ 8.) Top Notch is a corporation that sells and installs granite counter tops as well as other products. (Id. at ¶ 6.) Nieves was employed at an hourly rate of $10.00 per hour. (Id. at ¶ 10.) Nieves was "sometimes paid by check and sometimes paid by cash" and used time cards to record the time that he worked for Top Notch. (Id. at ¶ 11.)

The Complaint against Top Notch, filed on March 29, 2010, alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq., and seeks damages and attorneys' fees pursuant to 29 U.S.C. § 216(b) and injunctive relief pursuant to 29 U.S.C.

§ 217.  (Id. at ¶¶ 14-34.)  In addition, the Complaint alleges violations of the New Jersey Wage and Hour Law (NJWHL) and seeks damages pursuant to N.J. STAT. ANN. § 34:11-56A25 (West 2005).  (Id. at ¶¶ 35-46.)  Top Notch was served with the Complaint on May 19, 2010, and has not filed an Answer or otherwise moved to defend itself.  The Clerk's Office entered default on September 3, 2010.  As of the date of this Order, Top Notch has failed to Answer or otherwise move.[1]  Nieves now moves for default judgment against Top Notch.

## II. JURISDICTION

Subject matter jurisdiction over Nieves's federal law claim is conferred by 28 U.S.C. § 1331, because the FLSA, 29 U.S.C. § 201, et. seq., is a federal statute that arises under the laws of the United States.  See 28 U.S.C. § 1331.  This Court also possesses supplemental subject matter jurisdiction over Nieves's state law claim pursuant to 28 U.S.C. § 1367(a).  This Court exercises personal jurisdiction over Top Notch because service of process on Top Notch was proper and its principal place of business is in New Jersey.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs a court's decision to enter default judgment against a defendant.  See FED. R. CIV. P. 55.  To obtain default judgment, the plaintiff must have properly served the defendant with the summons and complaint in the matter.  Lampe v. Xouth, Inc., 952 F.2d 697, 700-701 (3d Cir. 1991).  Pursuant to

---

[1] Nieves avers that, although an attorney "purporting to represent the defendant" contacted him via telephone, the attorney has not entered an appearance in this action and has not motioned to vacate the Clerk's entry of default.  (See Notice of Mot. to Enter Default J. ¶¶ 11-12.)

Rule 4 of the Federal Rules of Civil Procedure, a corporation may be served process "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Obtaining default judgment against a defendant is a two-step process. First, the Clerk of the Court must enter the defendant's default after the properly served defendant has failed to plead or otherwise defend himself. FED. R. CIV. P. 55(a). Second, on the plaintiff's request, the Clerk may enter default judgment against the defendant for the amount and costs the plaintiff requests if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered. DirecTV, Inc. v. Decroce, 332 F.Supp.2d 715, 717 (D.N.J. 2004), rev'd on other grounds sub. nom. DirecTV, Inc. v. Pepe, 431 F.3d 162 (3d Cir. 2005). A plaintiff is not entitled to entry of default judgment against a defendant as of right, because the entry of such judgment is to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). However, the Third Circuit prefers that "cases be disposed of on the merits whenever practicable." Id. at 1181.

Three criteria inform the Court's decision of whether default judgment is appropriate: (1) whether the plaintiff would suffer prejudice if the default judgment were denied, (2) whether the defendant has a meritorious defense, and (3) whether the

defendant's own culpable conduct caused his delay in responding to the Complaint. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Courts must accept the plaintiff's well-pleaded factual allegations as true, but need not accept the plaintiff's factual allegations regarding damages as true. Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). In the absence of sufficient evidentiary support, the Court may order or permit the plaintiff to provide additional evidence to support his or her allegations. See, e.g., Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civil No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (ordering the plaintiff to "provide the Court with additional clarifying information to justify the damages sought"); Bridges Fin. Group, Inc. v. Beech Hill Co., Inc., Civil No. 09-2686, 2011 WL 1485435, at *5 (D.N.J. Apr. 18, 2011) (permitting the plaintiff to "file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs"). The Court may also conduct hearings to ascertain the amount of damages owed to the plaintiff. FED. R. CIV. P. 55(b)(2).

However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). For example, courts have held that hearings are unnecessary where "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages. See Tamarin v. Adam Caterers, 13 F.3d 51, 54 (2d Cir.

1993). Additionally, if the damages are for a "sum certain or for a sum which can by computation be made certain, a further evidentiary inquiry is not necessary and a district court may enter final judgment." Bds. of Trs. of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., Civil No. 06-1795, 2006 U.S. Dist. LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006).

## IV. DISCUSSION

### A. Causes of Action

#### 1. Fair Labor Standards Act

Nieves's unchallenged allegations establish violations of the FLSA. First, Nieves alleges that Top Notch employed him for a workweek longer than forty hours and did not compensate him at a rate not less than one and one-half times the regular rate at which he was employed, in violation of 29 U.S.C. § 207(a)(1). (Compl. ¶ 15.) Second, Nieves alleges that Top Notch failed to keep accurate records of the hours that he worked for Top Notch, in violation of 29 U.S.C. § 211(c). (Compl. ¶ 21.) Finally, Nieves alleges that Top Notch failed to pay him wages at the rate of not less than $7.25 an hour, in violation of 29 U.S.C. § 206(a)(1)(C). Therefore, Nieves has established legitimate causes of action under the FLSA.

#### 2. The New Jersey Wage and Hour Law

Nieves's unchallenged allegations establish violations of the NJWHL. The NJWHL requires employers to pay their employees at least the federal minimum hourly wage rate set by the FLSA. N.J. STAT. ANN. § 34:11-56A4. Thus, the NJWHL mirrors its federal counterpart, the FLSA. See, e.g., Crisostomo v. Exclusive Detailing, Inc., Civil No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL

is analogous to the FLSA and therefore "interpretations construing FLSA are applicable"). A plaintiff, however, cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA. See Aguilar3 v. D.D.S. Painting and Carpentry, Inc., Civil No. 06-5295, 2008 U.S. Dist. LEXIS 17137, at *6 (D.N.J. Mar. 4, 2008).

Nieves alleges that Top Notch failed to pay him at a rate of not less than the federal minimum wage, in violation N.J. Stat. Ann. § 34:11-56a4. Therefore, Nieves has established a legitimate cause of action for failure to pay the minimum hourly wage under the NJWHL.

**B. Propriety of Entry of Default Judgment**

The Court finds that the Clerk's Office properly entered default, because the service of process on Top Notch was proper. On May 19, 2010, Anthony I. Padovani, the Registered Agent for Top Notch, was personally served and accepted the Summons and Complaint in this matter. The Clerk's Office entered default on September 3, 2010. As previously discussed, Nieves has established a legitimate cause of action under both the FLSA and the NJWHL.

In addition, consideration of the default criteria weigh in favor of default judgment. Nieves would suffer prejudice if default judgment were denied, due to the fact that he has no other remedy against Top Notch. Second, because Top Notch has failed to answer, there does not appear to be a meritorious defense to Nieves' claims and the Court is unable to assess whether Top Notch's own culpable conduct caused delay in responding to the Complaint. Therefore, entry of default judgment is appropriate at this time.

The Court reserves decision on damages, reasonable attorneys' fees, and costs, because Nieves lacks sufficient evidentiary support to justify his damages. The Court also reserves decision on the extent of injunctive relief to grant Nieves, since it is unclear whether Nieves still works for Top Notch. Nieves has failed to produce any affidavits or other documentation attesting to his employment with Top Notch and does not request damages for a sum certain. As a result, the Court cannot compute Nieves's damages or the extent to which injunctive relief should be granted.

## V. CONCLUSION

Nieves's Motion for Default Judgment [Dkt. No. 8] is granted. The Court reserves decision on the determination of damages, reasonable attorneys' fees, costs, and injunctive relief. Nieves SHALL provide the Court with additional information justifying the damages he seeks consistent with this ORDER no later than August 3, 2011.

It is so ORDERED.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ,
United States District Judge

DATED: July 19, 2011